Approved: _____        22 MJ 9776
TIMOTHY LY
Assistant United States Attorney

Before:  THE HONORABLE PAUL E. DAVISON
         United States Magistrate Judge
         Southern District of New York

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA              :   **COMPLAINT**

        - v. -                        :   Violations of
                                          18 U.S.C. § 111(a)(1)
                                      :   and (b)
JAMEES COOKE,
                                      :   COUNTY OF OFFENSE:
                Defendant.                ROCKLAND
                                      :

                                      :

- - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

         SEAN MCCLUSKEY, being duly sworn, deposes and says that he is a Senior Inspector with the United States Marshals Service ("USMS"), and charges as follows:

                              COUNT ONE
      (Assaulting, Resisting, and Interfering with Arresting Officer)

         1.  On or about November 29, 2022 in the Southern District of New York, JAMEES COOKE, the defendant, willfully and knowingly did forcibly assault, resist, oppose, impede, intimidate, and interfere with persons designated in Title 18, United States Code, Section 1114, while such persons were engaged in and on account of the performance of their official duties, inflicting bodily injury, to wit, in Nanuet, New York, COOKE forcibly assaulted, resisted, and interfered with Task Force Officers ("TFOs") who were attempting to arrest COOKE by punching one TFO in the eye and breaking his left orbital bone and biting the other TFO in the leg and breaking his skin during COOKE's arrest.

         (Title 18, United States Code, Section 111(a)(1) and (b).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

1. I am a Senior Inspector with the United States Marshals Service ("USMS"), and I have been personally involved in the investigation of this matter. This affidavit is based upon my investigation, my conversations with the TFOs who were injured in the performance of their duties ("Victim-1" and "Victim-2"), my conversations with other law enforcement officers who were at the scene, my personal involvement in the arrest of JAMEES COOKE, the defendant, and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

2. Based on my review of various USMS reports and records, as well as court records; my personal involvement in the arrest of JAMEES COOKE, the defendant; and my conversations with Victim-1, Victim-2, and other law enforcement officers; I have learned the following:

    a. Based on my conversations with Victim-1 and Victim-2, I have learned that Victim-1 has been a TFO with the USMS since on or about October 26, 2006, and Victim-2 has been a TFO with the USMS since on or about May 22, 2022. Both are members of the United States Marshals New York/New Jersey Regional Fugitive Task Force ("NYNJ-RFTF").

    b. Based on my personal involvement in the arrest of COOKE, I have learned that on or about November 29, 2022, Victim-1 and Victim-2 were part of an operation by the USMS Fugitive Task Force to execute on three outstanding warrants for COOKE at a restaurant located in Nanuet, New York (the "Restaurant"). One warrant was issued by a Mount Pleasant Town Court on or about June 27, 2022 because COOKE failed to appear for proceedings related to charges of assault in the third degree, in violation of New York Penal Law § 120.00; a second warrant was issued by a City of Yonkers Court on or about May 16, 2022, based on charges of assault in the third degree, in violation of New York Penal Law § 120.00, and harassment in the second degree, in violation of New York Penal Law § 240.26(1); and a third warrant was issued by a City of Yonkers Court on or about June 16, 2022, because COOKE failed to appear for

proceedings related to the same charges described in the May 16, 2022 arrest warrant.

    c. In preparation for the arrest, at approximately 5:00 P.M. on or about November 29, 2022, one TFO and I waited outside the back of the Restaurant, and two TFOs waited in a vehicle parked near the front door of the Restaurant. Victim-1 and Victim-2 entered the Restaurant through the front door at approximately 5:10 P.M.

    d. Shortly thereafter, a person whom I recognized from photographs as COOKE opened one of the Restaurant's back doors and looked out. I identified myself as law enforcement, and as I began to approach the back door, COOKE stepped back into the Restaurant and slammed the door, which locked behind her.

    e. Approximately one minute later, Victim-2 radioed from inside the Restaurant for other members of the team to assist with the arrest of COOKE, who was refusing to comply with orders to stop resisting arrest. The three TFOs and I who had been outside the Restaurant entered through the front door and followed the sound of a woman shouting to the rear kitchen of the Restaurant.

    f. In the kitchen, I observed COOKE shouting at Victim-1 and Victim-2. As the other TFOs and I approached COOKE, I saw COOKE strike Victim-1 in the left eye with a closed fist, causing Victim-1 to stumble back.

    g. The other TFOs and I stepped in and grabbed COOKE's legs and arms. As she continued to kick her legs and tried to pull her arms free, I and another TFO were able to handcuff COOKE's wrists.

    h. As or shortly after I and the same TFO lifted COOKE's legs to bring COOKE to the ground, COOKE spun her head around and bit Victim-2 on his left shin, causing pain and pressure and breaking his skin. Victim-2 commanded COOKE to stop biting his leg, but COOKE did not stop. To prevent her from continuing to bite him, Victim-2 struck COOKE twice in the head, after which, she did stop biting. The other TFOs and I were then able to secure leg irons around COOKE's ankles.

    i. As the TFOs and I attempted to walk COOKE out of the kitchen, she dropped her weight and fell to the floor. Other TFOs attempted to convince her to walk out of the

3

Restaurant. COOKE shouted profanity and ethnic slurs, threatened to "push [TFOs] into the fryers," and shouted at Victim-1 about how she had hit him.

        j.    Eventually, COOKE stood up and was led out the Restaurant's backdoor by the TFOs and me.

        k.    I drove Victim-1 to the hospital because he complained of pain and blurred vision. Based on conversations with Victim-1, emails, and hospital records, I learned that a computed tomography ("CT") scan revealed that Victim-1 had suffered a blow-out fracture to his left orbital bone.

        l.    I spoke to Victim-2 by phone, and he advised that he had been examined and treated at a hospital for the bite injury he received from COOKE.

WHEREFORE, deponent respectfully requests that JAMEES COOKE, the defendant, be imprisoned or bailed, as the case may be.

SEAN MCCLUSKEY
Senior Inspector
United States Marshals Service

Sworn to before me this
5th day of December, 2022

THE HONORABLE PAUL E. DAVISON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4